**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barry Northcross Patterson, | |
| Plaintiff, | No. CV-10-1571-PHX-PGR (MHB) |
| vs. | |
| Corrections Officer Bailey, et al., | <u>ORDER</u> |
| Defendants. | |

Pending before the Court is the plaintiff's Motion to Accept Appeal of Case Above (Doc. 10), which the Court construes as a motion for leave to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[1] Having reviewed the motion, the Court finds that it must be denied.

A district court may certify an issue for interlocutory appeal under § 1292(b)

---

[1] Although the plaintiff's petition is captioned as being brought before the Ninth Circuit Court of Appeals, the Court construes it as being initially addressed to this Court inasmuch as 28 U.S.C. § 1292(b) sets forth a two-step process: the district court must first determine whether to certify an interlocutory appeal in a civil action, and if it does so, then the court of appeals has the authority to decide whether to permit the appeal to be taken. <u>City of Los Angeles v. Santa Monica Baykeeper</u>, 254 F.3d 882, 885 (9th Cir. 2001) ("[A] party must obtain certification from *both* the district court *and* the court of appeals to bring an interlocutory appeal.") (Emphasis in original).

only when the issue involves a controlling question of law as to which there is substantial ground for a difference of opinion, and an immediate appeal may materially advance the ultimate termination of the litigation. In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir.1982).  The party seeking an interlocutory appeal under § 1292(b) has the heavy burden of establishing that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475, 98 S.Ct. 2454, 2461 (1978).

The plaintiff is seeking an interlocutory appeal of those portions of the Court's screening order (Doc. 9), entered pursuant to 28 U.S.C. § 1915A(a), in which the Court dismissed without prejudice some of the claims and numerous defendants in the plaintiff's amended complaint. The plaintiff has not demonstrated that any ruling in the screening order adverse to him constitutes an exceptional circumstance warranting an immediate appeal inasmuch as he has not identified any controlling question of law nor does he present any grounds for difference of opinion or that an appeal will advance this litigation.  Therefore,

IT IS ORDERED that the plaintiff's Motion to Accept Appeal of the Case Above (Doc. 10), construed as a motion for leave to file an interlocutory appeal, is denied.

DATED this 20th day of June, 2011.

_____
Paul G. Rosenblatt
United States District Judge